UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JEROME DOOLEY, | ) | | |
|---|---|---|---|
| Plaintiff, | ) ) ) | | |
| v. | ) ) | No.: | 3:23-CV-266-KAC-JEM |
| KNOX COUNTY SHERIFF'S DEPARTMENT, et al. | ) ) ) ) | | |
| Defendants. | ) | | |

## **MEMORANDUM AND ORDER**

Plaintiff Jerome Dooley, a prisoner housed in the Knox County Detention Facility proceeding pro se in this action under 42 U.S.C. § 1983, filed a "Motion to Amend § 1983 Complaint" [Doc. 9]. Plaintiff has already amended and supplemented his Complaint before [*See* Doc. 8 at 2]. And he filed his latest "Motion to Amend" days after the Court entered an Order stating that "the Court WILL NOT consider any further amendments, supplements, or any other kind of motion for relief until the Court has screened the Amended Complaint and supplemental pleadings" [*See* Docs. 8 at 2 (emphasis omitted), 9]. The Court expressly warned that it "will automatically deny any request or motion filed before the Court completes the required PLRA [Prison Litigation Reform Act] screening" [Doc. 8 at 3]. Against this warning, Plaintiff still filed this "Motion to Amend." Consistent with the Court's express warning, the Court **DENIES** Plaintiff's "Motion to Amend § 1983 Complaint" [Doc. 9].

The Court also notes that the PLRA requires prisoners to exhaust their available administrative remedies before filing a Section 1983 action. *See* 42 U.S.C. § 1997e(a). It is unlikely that Plaintiff could have properly exhausted his administrative remedies regarding the claims he sought to raise in the instant "Motion to Amend" because Plaintiff signed the "Motion to Amend" on the same date that the alleged unconstitutional actions were taken

[*See* Doc. 9 at 1, 4]. The Court **WARNS** Plaintiff that he cannot simply seek to amend or supplement his Amended Complaint each time he is dissatisfied with an action or inaction of Defendants. Instead, he must first exhaust the intended claim through the facility's administrative process before filed the amendment/supplement. *See, e.g., Mattox v. Edelman*, 851 F.3d 583, 592 (6th Cir. 2017). **Failure to follow this legally-mandated process will result in the dismissal of Plaintiff's claims.**

        SO ORDERED.

        ENTER:

                                               s/ Katherine A. Crytzer
                                               KATHERINE A. CRYTZER
                                               United States District Judge